**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAMON ELLIOTT, # 31034-037         :          Criminal No. PJM-97-053
                                              :          Civil No. PJM-07-2489
     v.                              :
                                              :
UNITED STATES OF AMERICA          :

o0o

**MEMORANDUM OPINION**

Before the Court is a pro se Petition for Writ of Audita Querela under the All Writs Act, 28 U.S.C. §1651, filed by Damon Elliott, an inmate at the United States Penitentiary in Beaumont, Texas. Elliott is challenging the validity of his criminal conviction, claiming that a map introduced in evidence by the prosecution at trial improperly showed government boundaries. As relief, he requests a hearing and immediate release.

After review of the Petition and applicable law, the Court finds that it is properly construed as a successive Petition to Vacate, Set Aside or Correct under 28 U.S.C. §2255. Elliott does not demonstrate that he has obtained the prerequisite authorization from the United States Court of Appeals for the Fourth Circuit for consideration of a successive petition. Consequently, this Court will dismiss the Petition without prejudice for lack of jurisdiction.

**Procedural Background**

On November 11, 1997, the Court sentenced Elliott to 189 months incarceration after a jury found him guilty of aggravated sexual abuse in violation of 18 U.S.C. §2241. The judgment was affirmed on appeal. The Court denied Elliott's first 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence on April 5, 2000. The Fourth Circuit later denied Elliott's request for a certificate of appealability.

Elliott raised the same claim their as he does now in his recent "Motion for Immediate Release." This Court construed the earlier pleading pursuant to 28 U.S.C. §2255, and dismissed it without prejudice on September 7, 2007. *See* Civil Action No. PJM-07-2018, *Elliott v. United States of America*.

**Analysis**

A Motion for Writ of Audita Querela under the All Writs Act is not the proper basis for presenting the claim raised here. The United States Supreme Court stated in *Carlisle v. United States,* 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle*, 517 U.S. at 429.

Where, as here, a pleading clearly challenges the validity of a petitioner's underlying conviction and sentence, a §2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). This means that resort to the residual authority of the All Writs Act is unnecessary and improper. Regardless of the label used by Elliott, the subject matter of the motion, and not the title he assigns, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (ruling that courts must not allow prisoners to circumvent procedural and substantive limitations on successive §2255 petitions by attaching other labels to the pleading).

Under these facts, the instant pleading represents Elliott's third §2255 petition. Successive

§2255 petitions may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization is granted only if the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

Elliott does not demonstrate that he has obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit.[1] Accordingly, the Court will dismiss the Petition without prejudice for lack of jurisdiction. A separate Order follows.

 

                                                  /s/
                                  PETER J. MESSITTE
September 21, 2007            UNITED STATES DISTRICT JUDGE

---

[1] Elliott was previously provided information explaining how to request authorization to file a successive §2255 petition. *See* Civil Action No. PJM-07-2018, *Elliott v. United States of America*.